**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ABRAHAM LAWSON,

   Plaintiff,

  v.          Case No.  1:04cv176

CITY OF CINCINNATI, *et al.*,    District Judge Michael H. Watson

   Defendant.

---

**OPINION AND ORDER**

---

 Before the Court are the following:

 1.  The May 17, 2004 Motion of Defendants, City of Cincinnati (hereinafter "City"), Police Chief Tom Streicher (hereinafter "Chief Streicher"), Lt. Col. Richard Janke (hereinafter "Lt. Col. Janke"), and Capt. Kenneth S. Jones (hereinafter "Capt. Jones")(hereinafter, collectively, "Defendants") to Dismiss (hereinafter "First Motion") (Doc. 6).

 2.  The August 30, 2004 Motion of Defendants to Dismiss and Response to Plaintiff's Amended Complaint (hereinafter "Second Motion") (Doc. 18).  Plaintiff, Abraham Lawson (hereinafter "Plaintiff"), filed a Response in Opposition (Doc. 19) on September 23, 2004.

 The June 21, 2005 Motion of Defendants to Stay Discovery (Doc. 26).  For reasons stated herein, the May 17, 2004 Motion of Defendants to Dismiss (Doc. 6) is deemed **MOOT** and the August 30, 2004 Motion of Defendants to Dismiss (Doc. 18) is

**DENIED** and the June 21, 2005 Motion of Defendant to Stay Discovery (Doc. 26) is deemed **MOOT**.

## I. PROCEDURAL HISTORY

On March 1, 2004, Plaintiff filed his Complaint (Doc. 1) against Defendants.  In response, Defendants filed the May 17, 2004 Motion to Dismiss (Doc. 6) seeking dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted, respectively.

On August 20, 2004, Plaintiff filed an Amended Complaint (Doc. 13) pursuant to Fed. R. Civ. P. 15(a).  The Amended Complaint asserted additional factual allegations along with more detail of previously plead allegations.  Again, in response, Defendant filed the August 30, 2004, Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1).

## II. MAY 17, 2004 MOTION TO DISMISS

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15.  Once a pleading has been amended a party is "not inexorably bound by the averments of the original petition." *Washer v. Bullitt County*, 110 U.S. 558, 562 (1884).  In fact, "[a] pleading that has been amended under Rule 15(a) supersedes the pleading it modifies." *Gies v. Flack*, 1996 U.S. Dist. LEXIS 22527 (S.D. Ohio).

Therefore, Plaintiff's Amended Complaint (Doc. 13) supercedes the Complaint. (Doc. 1)  Accordingly, as the May 17, 2005 Motion to Dismiss (Doc. 6) was in response to the Complaint, it is hereby deemed **MOOT**.

### III.  AUGUST 20, 2004 MOTION TO DISMISS

####   A.     Facts

Plaintiff has been an officer of the Cincinnati Police Department (hereinafter "CPD") since 1997.  On February 3, 2003, Plaintiff was notified of the official suspension of his police powers, was removed from his position as an undercover officer in the Vice Division (hereinafter "Vice"), was suspended "until further notice," and surrendered his badge, identification card, and service pistol.  Plaintiff was transferred from his preferred assignment in Vice to the Telephone Crimes Reporting Unit.  At that time, Lt. Col. Janke was CPD's Acting Police Chief:

Plaintiff's suspension was the result of allegations by Lisa Brown to the Internal Investigation Unit (hereinafter "IIU") of misconduct by Plaintiff.  On or about February 2, 2003, Officer Milek of IIU contacted Lisa Brown and they arranged to meet.  Plaintiff's Amended Complaint alleges, at some point after February 2, 2003, Ms. Brown told Sgt. Herald she fabricated many of the statements regarding Plaintiff and did not wish to continue cooperating with IIU.

Plaintiff was informed of the reasons for his suspension by WCPO News, not his supervisors.  On several occasions, the last of which was September 25, 2003, Plaintiff formally requested the status of the investigation.  Plaintiff contends Defendants refused to either notify Plaintiff of the status of the investigation or reinstate him to his previous position.  On September 24, 2003, Plaintiff received an Enlisted Service Listing, which documents an officer has been notified of an action, and which stated Plaintiff was to remain confined to the third floor of District One without exception.

CPD policy 18.120(C)(3)(d) prohibits release of the identity of undercover police officers and their home addresses and phone numbers.  Nevertheless, Plaintiff alleges Lt. Col. Janke released Plaintiff's name to the media and was not disciplined.  Additionally, Plaintiff's home phone number was released to Ms. Brown.  Plaintiff asserts no Caucasian officer was disciplined for this violation.  Finally, Plaintiff asserts the identities of Caucasian officers in Vice, who allegedly engaged in sexual misconduct, have not been released.

Plaintiff maintains it is common for arrestees to make charges, such as those of Ms. Brown, against officers in Vice.  Plaintiff is unaware of any Caucasian officers who have received similar discipline on the basis of similar charges.  Michael Hudapole, a Caucasian police officer, was investigated for charges of misconduct very similar to those lodged against Plaintiff.  No adverse or disciplinary action was taken against Officer Hudapole while the charges were pending.  Officer Hudapole was not stripped of his police powers and was not transferred to a different duty assignment.  The investigation involving Officer Hudapole was closed after one week.

## IV.  ANALYSIS

Plaintiff asserts the following causes of action in his Amended Complaint:

1.  Defendants acted under color of law to deprive him of his Fourteenth Amendment right to equal protection, in contravention of 42 U.S.C. § 1983;

2.  Defendants violated his right to due process under Article 1 § 15 of the Ohio Constitution;

3. The patterns, practices and policy of Defendants, in retaliating against
African Americans for complaining about disparate and racially
discriminatory treatment, violate Plaintiff's equal protection and due process
rights under the United States and Ohio Constitutions, in violation of 42
U.S.C. § 1983;

District courts have original subject matter jurisdiction over "all civil actions arising
under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  In
addition to "arising under" jurisdiction, in a civil action of which the district courts have
original jurisdiction, the district courts shall generally have pendent, or supplemental,
jurisdiction "over all other claims that are so related to claims in the action within such
original jurisdiction that they form part of the same case or controversy under Article III
of the United States Constitution." 28 U.S.C. § 1367(a).  The threshold inquiry for
§ 1367(a) jurisdiction is whether the claims "derive from a common nucleus of operative
fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *Mich. Bell Tel. Co. v.
MCIMetro Access Transmission Servs.*, 323 F.3d 348, 355 (6th Cir. 2003).

As stated above, Plaintiff's causes of action arise pursuant to the United States
Constitution and the laws of the United States, namely, 42 U.S.C. § 1983.  As such, the
Court has original subject matter jurisdiction over these claims.  Morever, the Court has
pendent jurisdiction over Plaintiff's claim under the Ohio Constitution as it derives from
the same nucleus of operative fact as the federal claims.  Nevertheless, Defendants
move for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for "lack of jurisdiction over the
subject matter."  Defendants argue the Court lacks subject matter jurisdiction as

Plaintiff's claims arise from the discipline of an employee, who is subjected to a collective bargaining agreement (hereinafter "Agreement")[1], pursuant to O.R.C. § 4117, et seq., and Plaintiff failed to exhaust his remedies under the Agreement.

In support of their position, Defendants rely upon Ohio and Sixth Circuit case law. However, upon review, none of the offered cases support Defendant's position. While Defendants cite *Franklin County Law Enforcement Association v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St. 3d 167 (1991), the Supreme Court of Ohio stated, "[b]ecause constitutional rights exist independently of R.C. Chapter 4117, such claims may be raised in common pleas court even though they may touch on the collective bargaining relationships between employer, employee, and union." *Id.* at 172. Accordingly, the Court finds O.R.C. 4117 does not bar the exercise of jurisdiction over Plaintiff's constitutional claims.

Furthermore, the terms of the Agreement reveal Plaintiff's claims are not within the Agreement's scope. Specifically, Plaintiff's allegations are not covered by the grievance process in the Agreement:

> A grievance shall be an allegation that the terms of the written Agreement between the FOP and the City have been violated or misinterpreted or when there is a difference of opinion as to the application of the same, interpretation of the same, or a disagreement as to whether the City has disciplined an employee for just cause.

Agreement Article III, § 1. Thus, while a grievance can be a dispute over the propriety of an officer's punishment as it relates to the Agreement, a grievance is *not* a dispute over the propriety of an officer's treatment based on race.

---

[1] The collective bargaining agreement is Attachments #1-12 of Doc. 6.

## IV.  CONCLUSION

Currently, Plaintiff complains of disparate treatment administered along the lines of race.  Thus, for the reasons previously stated, Plaintiff's allegations are neither covered by the Agreement nor outside the Court's jurisdiction if they were covered by the Agreement.  Accordingly, the May 17, 2004 Motion of Defendants to Dismiss (Doc. 6) is hereby deemed **MOOT**; the August 30, 2004 Motion of Defendants to Dismiss (Doc. 18) is hereby **DENIED**; and the June 21, 2005 Motion of Defendant to Stay Discovery (Doc. 26) is deemed **MOOT**.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**